## BROADWELL *vs.* GETMAN.

A parol agreement which is not wholly to be performed within one year is void, though some of the stipulations are to be executed within the year.

And it is void although one of the parties is to perform every thing on his part within the year, if a longer time than a year is stipulated for the performance by the other. *Semble, per* BEARDSLEY, J.

The defendant in *January* agreed by parol to clear a piece of wood land for the plaintiff and partly to fence one end of it, which the plaintiff was to complete, *the whole to be done in one year from the ensuing spring*, when the defendant was to put in a crop which, with the wood and timber, except that used for the fences, he was to have for his compensation. In an action against the defendant for non-performance, *held* that the contract was within the statute and was void.

ERROR to the Oneida common pleas. Getman sued Broad-well before a justice of the peace, and upon a trial by jury recovered $25 besides costs, and this judgment was affirmed by the C. P. upon *certiorari.* The plaintiff's claim was principally for damages for the non-performance of a contract respecting the clearing of land. This contract was entered into on the first day of January, 1841, and was reduced to writing at the request of the parties and agreed to by them, *but was not signed.* By its terms the defendant agreed to clear off a piece of wood land belonging to the plaintiff, and make a fence two logs high on one end of it, which fence the plaintiff was to complete. The job was to be done by the spring of 1842, in season to put in a spring crop that year; and the defendant was to have for his compensation all the wood and timber growing on the premises, except what should be necessary for the fence, and also the first

crop, which he was to put in in the spring of 1842. Both par-
ties gave evidence upon the question whether the defendant had
fully cleared off the land and as to the amount necessary to
complete it. Before the cause was submitted to the jury, the
defendant's counsel requested the justice to charge, that if a longer
time was given by the contract to complete the work *than one
year from the time of making thereof*, it was void; but he re-
fused so to charge.

*W. McCall*, for the plaintiff in error, cited *Lockwood* v.
*Barnes*, (3 *Hill*, 128 ;) *Lower* v. *Winters*, (7 *Cowen*, 263 ;) *Shute*
v. *Dorr*, (5 *Wend.* 204 ;) *Drummond* v. *Burrell*, (13 *id.* 307.)

*C. Tracy*, for the defendant in error, cited 2 *R. S.* 135, § 2;
*Artcher* v. *Zeh*, (5 *Hill*, 200 ;) *Russell* v. *Slade*, (12 *Conn. R.*
455 ;) *Moore* v. *Fox*, (10 *John.* 244 ;) *McLees* v. *Hale*, (10
*Wend.* 426 ;) *Mavor* v. *Pyne*, (2 *Carr. & Pay.* 91 ;) *Beeston*
v. *Collyer*, (4 *Bing.* 309 ;) *Kent* v. *Kent*, (18 *Pick.* 569.)

*By the Court*, BEARDSLEY, J. The special agreement be-
tween these parties was to endure for nearly two years. It was
made on the first of January, 1841, and although the clearing
was to be done by a year from the next spring, the defendant
was to have the use of the land for a crop to be put in by him
at that time.

By the statute every agreement which by its terms is not to
be performed within one year from the making thereof, is de-
clared to be void, unless in writing and subscribed by the party
to be charged therewith. (2 *R. S.* 135, § 2, *sub.* 1.) Agree-
ments which *may* be completed within one year are not within
the statute: it extends to such only as by their express terms
are not to be, and cannot be carried into full and complete exe-
cution until after the expiration of that period of time. (*Fenton*
v. *Emblers*, 3 *Burr.* 1278 ; *Boydell* v *Drummond*, 11 *East*,
142 ; *Bracegirdle* v. *Heald*, 1 *Barn. & Ald.* 723 ; *Chit. on
Cont.* 67 ; 1 *Smith's Leading Cases and Notes, Phil. ed.* 143 ;
*Lockwood* v. *Barnes*, 3 *Hill*, 128 ; *Russell* v. *Slade*, 12 *Conn.
R.* 455.)

Broadwell *v.* Getman.

The word "agreement," as used in this section, signifies "a mutual contract on consideration between two or more persons," and *ex vi termini,* includes the several parties to the contract and their respective stipulations : every thing, indeed, which is to be done on both sides. ( *Wain* v. *Warlters,* 5 *East,* 10; *Sears* v. *Brink,* 3 *John.* 210; *Sherburne* v. *Shaw,* 1 *N. Hamp. R.* 157; *Champion* v. *Plummer,* (1 *New R.* 252;) 2 *Stark. Ev.* 482, *Phil. ed. of* 1842.) In this case there were mutual stipulations between the parties : the defendant was to clear the land and in part make a fence at one end of the lot. This fence was to be completed by the plaintiff; and he stipulated that the defendant should have all the timber cut on the land except what might be required for the fence, and also the use of the land for a summer crop in 1842. As this agreement was made in January, 1841, and could not be completely executed until the close of the season of 1842, it was within the statute, and not being in writing and signed, was void. Upon this point it would seem difficult to raise a doubt upon the terms of the statute. An agreement is an entire thing, and where that cannot be completely executed, *on both sides,* until more than a year has elapsed, the case falls within the express words of the enactment. It is also within its spirit, for " the mischief meant to be prevented by the statute, was the leaving to memory the terms of a contract for longer time than a year. The persons might die who were to prove it; or they might lose their faithful recollection of the terms of it." (*Bailey, J.* 11 *East,* 159; 1 *Ld. Raym.* 316.)

The general principle is firmly settled that although the agreement requires a part performance within a year, and is so far faithfully executed, still it is void, unless reduced to writing, if other stipulations remain to be executed after the close of the year. (*Lockwood* v. *Barnes, supra.*) But notwithstanding the apparent universality and soundness of this position, it is laid down by some elementary writers that the statute does not extend to contracts, " where all that is to be done by *one of the parties* is to be done within a year." (2 *Leigh's N. P.* 1045; *Chit. on Cont.* 69; *Long on Sales,* 56.) This distinction had

Vol. II.*                12

been suggested in *Boydell* v. *Drummond* and *Bracegirdle* v *Heald*, (*supra*,) and was finally acted upon in the case of *Donellan* v. *Read*, (3 *Barn. & Adol.* 899,) which was decided in 1832. In the last case, Littledale, J. who delivered the opinion of the court said, " as to the contract not being to be performed within a year, we think that *as the contract was entirely executed on one side within a year*, and as it was the intention of the parties, founded on a reasonable expectation, that it should be so, the statute of ·frauds does not extend to such a case. In case of a parol sale of goods, it often happens that they are not to be paid for in full till after the expiration of a longer period of time than a year; and surely the law would not sanction a defence on that ground, when the buyer had had the full bene·· fit of the goods on his part." (*See also Holbrook* v. *Armstrong*, 1 *Fairf. R.* 31.) The principle affirmed in these cases has no application to the present case; for here the party seeking to enforce the contract was not to perform all its stipulations, on his part, within the year: he was to permit the defendant to occupy and use the land through the season of 1842, which time did not commence until more than a year after the contract had been entered into. But I would not be understood as yielding my assent to the principle stated. It seems to me in plain violation of the statute. Every verbal contract which is not to be performed within a year from the making thereof, is declared to· be void. Although the terms of the agreement may require full performance on one side within a year, I do not see how this can exclude it from the statute, the other side being incapable of execution until after the year has elapsed. The agreement is entire, and if it cannot be executed fully, on both sides, within the year, I think it is void. What difference does it make that one party can, while the other cannot, complete the contract within a year? Such an agreement is not, in terms, excepted from the statute, and the reason for the enactment applies to it with full force. But it is unnecessary to pursue this subject; and I dismiss it with the remark that although where one party has fully performed on his part within the year, the agreement may notwithstanding be void, still he is

not remediless, for he may maintain a general *indebitatus assumpsit* against the party who refuses to proceed further under the contract, and thus recover a compensation for what has been advanced and received upon it. (*Lockwood* v. *Barnes, Holbrook* v. *Armstrong, supra; see also Smith's Leading Cases, as referred to above; Mavor* v. *Pyne,* 2 *Car. & Payne,* 91, *and* 3 *Bing.* 285.)

The contract was void and the plaintiff should not have recovered, as he did, for its violation.

Judgment reversed.