## ALANSON B. SHEPHERD *v*. WILLIAM P. BRIGGS.

### *Award.*

Neither mistake or irregularity of conduct on the part of arbitrators, which does not affect the whole award, is a ground of defense to it, in an action at law.

An award, which is operative as a final and conclusive adjustment of all matters between the parties, is not vitiated by an order requiring them to execute mutual releases.

DEBT ON AN AWARD to recover the sum of $ 48.75, alleged to have been awarded in favor of the plaintiff, against the defendant, upon a submission entered into between them. Plea, *nil debet*, and notice; trial by the court, March Term, 1855,—PECK, J., presiding.

The plaintiff read in evidence the submission and award declared upon, both of which were under seal. The defendant then offered to show, by the testimony of one of the arbitrators, that the $ 48,75, awarded to the plaintiff, was made up, in part, of costs in a suit that the plaintiff had commenced against the defendant, which was pending at the time of the hearing before the arbitrators and at the time of the award, which costs the submission provided should be paid by the plaintiff. This testimony, being objected to by the plaintiff, was excluded by the court.

The defendant then offered to show, by the same witness, the same facts, in connection with the fact that the said sum of $ 48.75 was not the true sum which the arbitrators found due, in the conclusion to which they arrived, before and at the time of writing the award; but that the same was increased by including said costs, by mistake and inadvertence on their part, in reducing the award to writing before publishing it, and that the award, as written, was not what was intended by the arbitrators. This, being objected to by the plaintiff, was excluded by the court.

The defendant then offered to show, by the same witness, that the arbitrators made up said $ 48.75, in part, by allowing against the defendant claims without any evidence, and solely on what they heard out doors, from the neighbors, in the absence and without the knowledge or consent of the parties. This was objected to and excluded by the court. The defendant insisted that the award was void for the reason that the arbitrators had no authority to

7

award mutual releases. The court decided otherwise, and rendered judgment for the plaintiff for the sum awarded. Exceptions by the defendant.

The submission was of "all and all manner of action and actions, cause and causes of actions, suits, bills, bonds, specialties, judgments, executions, extents, quarrels, controversies, trespasses, damages and demands whatsoever at any time heretofore had, made, moved, brought, commenced, sued, prosecuted, done, suffered, committed or depending," and the parties agreed " to well and truly stand to, obey and abide, perform, fulfil and keep the award, order, arbitrament, final end and determination" of the arbitrators named. The award, after providing for the payment of the $ 48.75, awarded that the parties should, " in due form of law, execute each to the other of them, or to the others use, general releases, sufficient in law," &c.

*W. P. Briggs, pro se.*

That courts of law have power to set aside awards of arbitrators for corruption or mistake seems to be settled by the following cases:—3 East 18, *Kent* v. *Elstole, et al*; 1 East 276, *Lowndes* v. *Lowndes*; 13 East 357, *Wistmore* v. *Forbes*; 11 Do. 188, *Fisher* v. *Pimbly.* They have a summary mode of setting aside awards in English courts of law, without any special pleading. In Virginia a court of law will set aside an award of corruption, &c.: 6 Randolph 529, *Graham* v. *Pierce,* 1 U. S. Dig. 219 Sec. 516 ; and the question has been directly decided in Vt. in Rutland county, in 1823, where the court decided they would set aside an award for the causes which vitiate a verdict, 1 Washburn Dig. 102.

——————— ——————— for the plaintiff.

The defendant cannot, in a court of law, avoid the award for anything except what appears on the face of the same. Cald. on Arbit. 407, 408 and note. If he can, he must plead it specially, or, as he has undertaken to do in this case, by notice. What he offered to prove by one of the arbitrators, if true, would go to show that he was corrupt or very partial, and neither can be shown in a court of law ; Cald. on Arbit. 407–8, last ed. The arbitrator was not competent to impeach his own conduct and integrity ; Cald. on

Arbit. 219; 2 John. Ch. R. 348–9, *Underhill* v. *Van Cartlant.*
Nor can the defendant show that a mistake was made by the arbitrators; 2 John. 62, *Newell* v. *Douglass*; 2 Wend. 567, *Efever*
v. *Shaw*, Cald. 221.

The opinion of the court was delivered by

REDFIELD, CH. J. This was an action of debt upon an award
of arbitrators. At the trial, the defendant offered evidence that
certain costs between the parties, which the award, in terms, provides shall be paid by the parties respectively, were, by mistake
and purposely both, included in the award; and also, that the
amount awarded against defendant was, in part, made up of claims
which were allowed without any evidence, and solely upon what
the arbitrators heard out of doors, from the neighbours, in the
absence, and without the knowledge of the parties. The two propositions amount to mistake and irregularity of conduct in the arbitrators, both or either of which are sufficient grounds for correcting
the award in equity. But neither go to the whole award, and have
not ordinarily been regarded as any ground of defense at law.
There may be some cases where defenses, somewhat similar, have
been allowed at law. But the great current of authority certainly,
both English and American, is against such defense at law, unless
where the arbitration is under rule of court.

A plea that the arbitrators, from mere mistake, error, and misapprehension of the law, right and justice of the case, allowed interest upon the plaintiff's claim, and denied it upon the defendant's,
is no defense. So the defendant cannot plead partiality or improper
conduct of the arbitrators. *Williams* v. *Paschal*, 4 Dallas 284;
*Braddish* v. *Thompson*, 8 East 344. Such proof is not good on a
plea of *nil debet* to an action of debt on the award; *Wills* v. *Maccarmick* 2 Wills. R. 148. So a plea that the arbitrator denied the
party the right to examine witnesses to a point, but heard those
of the other party, in his absence, and without his knowledge, is bad-
*Shannon* v. *Wood*, 5 Halsted 7.

But it has been held that a plea that the arbitrators refused to
hear a portion of the claims submitted is good in defense, at law,
even. *Harkee* v. *Hugh*, 2 Halsted, 428. This decision is put
upon the ground that, if the arbitrators do not award upon all the

matters submitted, the award is no compliance with the conditions of the bond, and therefore imposes no duty upon the party to perform it. But to such a defense, it is essential that the proof show that the matters not awarded upon were presented to the arbitrator with proper proof.

I think it has generally been considered in courts of law, that all defenses to awards, where the submission and award were in writing and under seal, for matters not apparent upon the papers, must be pursued in equity. And this rule has been considered to rest, as to mistake of the arbitrators and irregularity of conduct by them, upon the same ground that courts have refused to set aside a written contract between parties in a trial at law, upon the alleged grounds that, by mistake, the contract did not read as it was intended to. And, in regard to the conduct of the arbitrators, it has been considered, in some of the cases certainly, that the arbitrators were necessary parties to any proceedings based upon such a charge. Mere mistakes, or irregularity, short of positive corruption, might not require any explanation at the hands of the arbitrators. And it is difficult to perceive how, in any case, they are proper parties to a litigation, in regard to the validity of the award. And I doubt whether, upon principle, any corruption in the arbitrator or judge, unless with the procurement, or privity of the prevailing party, is any defense to an award, in a court of law. And if the corruption of the arbitrator be with the privity of the party, it is fraud, and is equally a defense at law, and in equity, as well as to specialties as simple contracts. But I do not say this is yet determined as to awards. But it is settled, we think, that the testimony offered was no defense, at law, to the action upon the award, and was therefore properly rejected.

The awarding mutual releases is well enough, as, whether executed or not, the award is a bar to all claims, where the submission is of all demands.

Judgment affirmed.