ALEXANDER BOTKIN, Plaintiff in Error,

*vs.*

ALFRED EARL and LORANA EARL, Defendants in Error.

ERROR TO THE DANE CIRCUIT COURT.

Under the statute of this State, a married woman may sue alone in respect to her separate property, or be joined with her husband.

In an action by husband and wife, the interest of the wife should appear on the face of the declaration.

Where, in an action by two joint plaintiffs, the declaration contained no averment that the debt sued for was due to the wife in her separate right, or as her separate property, or even that the plaintiffs were husband and wife, testimony to show that the property belonged to the wife was held inadmissible.

The record of a recovery by husband and wife, where the judgment is the property of the wife, ought to show that fact, to prevent the husband from releasing or collecting it, and protect the interest of the wife as contemplated by the statute.

The action was brought by the defendants in error on the 26th of December, 1854, against the plaintiff in error. before a justice of the peace, and was removed to the circuit court by appeal, where it was tried by a jury at the November term, 1856. The pleadings and bills of particulars are found in the opinion of the court.

It appears by the bill of exceptions, that on the trial in the circuit court, the plaintiffs called as a witness Walter Besley, who testified that in September, 1854, he leased of defendant a house and lot in Madison, the defendant then acting as the agent of Mr. Earl, and that he paid to the defendant as rent the sum of sixty-two dollars and fifty cents. Also that the defendant made repairs on the house to the amount of about thirteen dollars. Plaintiffs then offered in evidence a warranty deed from Wm. Earl to Lorana Earl for lot 4, block 4, Univer-

sity addition to Madison, properly acknowledged, &c. The defendant admitted the identity of the premises described in the deed with the lot leased to Besley, but objected to the admission of the deed in evidence, for the reason that title to land could not be drawn in question in a case appealed from a justice of the peace. This objection was overruled by the court, and the defendant excepted. The plaintiffs rested.

Thereupon the defendant filed the following motion, to wit:

[Title of the cause, &c.] "And now at this day, to wit, on "the trial of this cause in said court, comes the said defendant, "by Roys and Pinney, his attorneys, and here formally disputes "the title of one of said plaintiffs, Lorana Earl, to the property "mentioned in the deed received in evidence in this cause, to "wit, the deed from Wm. Earl to Lorana Earl, and moves the "court here to dismiss this suit for the reason that by the plain-"tiff's own showing, the title to real estate is in question."

This motion, upon argument, was overruled by the court; to which ruling the defendant also excepted.

The defendant then proved the fact of coverture between the plaintiffs, and offered in evidence, under his bill of set off, a joint and several note of William Welch and Alfred Earl to E. E. Lee, or bearer, for seventy-five dollars, with use, dated August 28th, 1851. The plaintiffs objected to the admission of this note in evidence, and the court sustained the objection, and excluded the note; to which ruling of the court the defendant also excepted.

The jury found for the plaintiff, who had judgment.

*Roys and Pinney* for plaintiff in error.

I. The circuit court erred in overruling the motion made by the defendant in the court below to dismiss the cause. R. S. Ch. 88, § 57; 6 Hill, 44; 19 Wend., 372; 20 Wend., 96.

II. The circuit court had no greater jurisdiction on appeal, than the justice on the trial before him. *Johnson vs. Gould*, 3 Foster, N. H. R., 251; R. S., Ch. 88, § 244; 9 Wend., 66; 3 Blackf., 411; 10 S. & M., 154; 9 Id., 205.

III. The circuit court erred in permitting the plaintiffs to read the deed from Wm. Earl to Lorana Earl in evidence.

IV. The declaration of the plaintiffs is bad, even after verdict, and the judgment should be reversed, because the declaration does not show what interest the wife had in the suit. 1 Chitty, Pl., 163–173.

*H. E. Frink* for defendant in error, cited 4 Wis. R., 215.

*By the Court*, WHITON, C. J.—This action was commenced before a justice of the peace, by the defendants in error, against the plaintiff in error.

The declaration was oral, and as follows : " Plaintiffs declare orally in assumpsit on the common counts for goods sold and delivered to the defendant for the use of the plaintiffs, and for interest on the same to the plaintiffs' damage of one hundred dollars."

At the time of making the declaration the plaintiffs filed a bill of items of their demand, which is as follows: " Alexander " Botkin 1855 To Alfred Earl and wife Dr. " Jany. 5th, To cash collected of Walter H. Besly $62.50"

The defendant pleaded the general issue, and gave notice that he should give in evidence under his plea, that the plaintiff Lorana Earl was the wife of Alfred Earl, the other plaintiff, and that he should claim the right to set off a certain note given by the said Alfred Earl and one William Welch; also a further off set against the said Alfred Earl for twelve dollars and fifty cents for money laid out and expended for the said Alfred Earl ; and also the further sum of two dollars and twenty-five cents on a certain judgment rendered before William N. Seymour, a justice of the peace, against the said Lorana Earl.

It will be seen that the declaration is for a debt due to the plaintiffs jointly. There is no averment that they are husband and wife, nor that the cause of action which is set out, accrued to them except for goods sold and interest thereon ; while the bill of items purports to set out an indebtedness accruing to

Alfred Earl and wife for money collected from Walter H. Besley.

But neither in the declaration nor in the bill of items is it averred or intimated that the debt was due to Lorana in her own right, nor even that the cause of action accrued to her before marriage. It will further be seen that the defendant, after pleading the general issue, claimed the right to set off two demands against the husband, and one against the wife.

It is a frequent cause of regret to the members of this court, that the relaxation of the rules of pleading in the courts of justices of the peace, should so frequently have the effect to render it impossible to determine from the pleadings what the legal rights of parties are.

While almost every thing which is mere matter of form in pleading in such courts is excused, we cannot permit the rights of a party to be sacrificed because his opponent has neglected to make such a case by his pleadings as is shown by the testimony. We cannot permit a plaintiff to set out one cause of action in his declaration and prove another. In this case if we should hold that the declaration and bill of items taken together, show with sufficient certainty that the plaintiffs were husband and wife, we should still be obliged to hold that the declaration was for a debt due to them jointly, because there is no averment that it was due to the wife before marriage, nor that she was the meritorious cause of action, nor that the debt was due to her in her own right by virtue of the statute of this state, securing to her her separate property. At common law, when the husband and wife sued upon a contract made with the wife before marriage, her interest must have expressly appeared on the face of the declaration. (1 Chitty Pl., 232; 1 Taunt., 212; *Staley as. Barkite*, 2 Caine's R., 221.)

We have decided that under the statute of this state above alluded to, a married woman may sue alone in respect to her separate property, or be joined in the action with her husband. (*Norval vs. Rice*, 2 Wis. R., 22.) But it seems clear that when the action is brought by the husband and wife the interest of the wife should be set forth. There is stronger reason for set-

ting it out in the latter case than there was when the action was brought on a contract made with the wife before marriage, before the statute of this state was passed, because, although the legislature has secured to married women their own property, and allowed them to sue in respect to it, either alone or jointly with their husbands, it has not attempted to weaken the marriage tie, nor release the parties from their conjugal obligations. The husband and wife are still one person in legal contemplation, except so far as may be necessary to secure to the latter the benefits of the statute. ( *Wooster vs. Northrup*, 5 Wis. R., 245.) The record of a recovery by the husband and wife, of a judgment, where the judgment is the property of the wife, ought, therefore, to show that fact, to prevent the husband from releasing it, or collecting it and appropriating the money to his own use without the consent of the wife.

By applying the principles above stated to this case, it appears that the deed which was offered in evidence to show that the premises, the rent of which the defendant had collected from Besley, belonged to the wife, ought not to have been received. It appears from the bill of exceptions that it was offered in evidence before proof was introduced to show that the two plaintiffs were husband and wife, and was therefore clearly inadmissible at that time, because it did not tend to show that the defendant was indebted to the plaintiffs jointly, nor, if the views which we have above expressed are correct, did the deed become proper testimony after the defendant proved that the grantee named in the deed was the wife of Alfred Earl, the other plaintiff.

The declaration set forth an indebtedness to the plaintiffs, and contained no averment that the debt was due to the wife in her own right, or as her separate property. Testimony to show that the property belonged to her was therefore inadmissible and should have been excluded.

We must for these reasons reverse the judgment and order a new trial.