Mr. Justice NELSON
delivered the opinion of th,e court.
When this case, or one of the class, was formerly before this court,† in which the record of the former recovery was in evidence, it ivas claimed that, without any extrinsic evidence, it concluded the defendants from again denying the existence of the contract, or from disproving any other of the averments in the first count of the declaration, and'it had been so ruled by the court below.
This court, when the case came up on error, agreed that the record was properly admitted as evidence of the former trial between .the parties, but held the pleadings, verdict, and judgment did not furnish the necessary proof to show that the contract in controversy in the suit then on trial had been before agitated', and conclusively adjudicated in the former trial in behalf of the plaintiffs.; and that the verdict had been rendered upon the entire declaration, and without special reference to the first count.
The record, with the pleadings and verdict, furnished evidence that the same matters might have been litigated on that trial, and afforded ground for the introduction of extrinsic evidence to show that the same contract had been in contest before the court, and had' been referred to the decision of the jury7; but nothing more. For this reason the judgment was reversed, and a new trial' ordered.
Taking this view of the application aud'effect of the record of the former trial, the plaintiffs introduced in this case extrinsic evidence, and have endeavored to prove the necessary facts which, in connection with' the record, would lead to the conclusion that the same contract was in controversy in the former suit, and had been conclusively adjudged in their favor. But .this extrinsic evidence was open to be controverted on the part of the defendants. As the record *591 itself did not famish evidence of tlie finding of the existence or validity of the contract in the former suit, and nence extrinsic proof- was required to this effect, it ivas of course' competent for the defendants to deny and disprove both, as in so doing they did not impeach the record, but only sought to disprove the evidence introduced by the plaintiffs.
The rejection of this- evidence,'therefore, offered by the defendants on the trial, was,error. Whether or not the contract, as proved on the former trial, rested in parol or was in writing, was material. If in writing, there could be no ■controversy in fact in respect to its terms or stipulations; and its construction and legal effect belonged to the court to determine. If it rested in parol, its terms and conditions depended upon the extrinsic proof, and hence the materiality of the first q-uestion put to the witness, as preliminary to further proof. It was important to settle the terms of the contract in evidence on the former trial, in order to determine whether it was the same as the one then in controversy, and, resting in parol, these terms depended very much upon the testimony in the case.
There is another view in this branch of the case that must’ be noticed. As we have seen, the declaration in the former suit contained four counts, to which the general issue was pleaded, and a general verdict for the plaintiffs. The first and fourth counts set up two different special contracts relating to the same subject-matters, and which constituted the cause of action between the parties. Now, the extrinsic evidence furnished on the part of the plaintiffs as to the former .trial, and the grounds of proceeding therein, tended to prove either count, and was sufficient to have justified the jury in finding either contract. These contracts, as thus set forth, were identical, with the exception of the agreement to settle the proportion of fuel saved by an experiment, which had been made, and resulted in the saving, by the use of the cut-off, of three-fourths of the fuel as used by the old throttle valve. The jury, therefore, might have found in favor of the plaintiffs on the contract as set forth in the fourth count, even if they disbelieved the proof of the agreement *592 as to the mode of settling tbe proportion of fuel saved. Many of the, jurors ealléd and examined speak of a contract between the parties in respect to the use of the Sickles-cut-off, but so indefinitely it is impossible to determine whether'the testimony related to the one set out in first or fourth counts, and no attempt was made to distinguish' between the one or the other on the trial.
As we understand the rule in respect to the eonclu’siveness of the verdict and judgmenfin a former trial between the same parties, when the judgment is used in pleading as .a technical estoppel, or is relied on by way of evidence as eon-, elusive, per se, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined — that is, if the record of the former trial shows that the Verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; apd further, in cases where, the record itself does not show that the matter was necessarily and directly found by the jvu\y, evidence aliunde consistent with the record may be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded.*
In view of this doctrine, it is quite clear that the record of the* former trial, together with the extrinsic proofs,- failed to show that the contract in controversy in the present suit was necessarily determined in the former in behalf of the plaintiffs. We agree, if the declaration had contained but the first count, which had set out the contract in controversy in the present suit, the effect of the judgment would have been different. The verdict of the jury, then', could not have taken place without finding the existence and validity *593 of the contract. But, as we have already shown, the record and evidence on the former trial are different, and tend to a different conclusion.
Some of the jurors in the former trial were permitted to testify as to the particular ground upon which they found the verdict. This testimony was not objected to, and therefore is not available as error here. But it is proper to say, that the secret deliberations of the jury, or grounds of their proceedings while engaged in making up their verdict, are not competent or admissible evidence of the issues or finding. The jurors oftentimes, though they may concur in the result, differ as to the grounds or reasons upon which they arrive at it..
The evidence should be confined to the points in controversy on the former trial, to the testimony given by the parties, and to the questions submitted to the jury for their consideration, and then the record furnishes the only proper proof Of the verdict.*
There is another suggestion, also, it may be proper to make, growing out of the rule, now very general both in the Federal and State courts, to admit the record \ of a former trial as evidence to conclude a party from agitating the same matters in a.second suit, and that is where the extrinsic proof of the identity of. the cause of action is such that the court must submit the question to the jury as a matter of fact; any other matters in defence or. support of the action, as the case may be, should be admitted on the trial, under proper instructions. For, if the jury .should find against the conclusiveness of the former trial, then this additional .evidence would not only be material,,but constitute the whole of the proof on which the cause of action or defence must rest. If the extrinsic evidence should be so conclusive that the court could properly hold the record to be conclusive, the trial would of course be at an end, so far as *594 tbe matters embraced therein were identical with those in controversy. Bat, if not so conclusive, and the question must be submitted to the jury, then the record and evidence in respect to the former trial would constitute but one of the grounds relied on before the jury in support of the cause of action, or in defence, and be entirely consistent with any other grounds for the maintenance or defence of the suit in the possession of the parties. This must be so, for the reason that if the trial should, in the case contemplated, be confined to the issue growing out of the former trial, and the jury should find against its conclusiveness, nothing would be determined. The former trial, therefore, when its eonclusiveness must be submitted to the jury,-can be regarded only as a preliminary question, and the merits, independently of this question, should be heard and tried.
As the case must go down for another trial, and as the. validity of the contract set out in the declaration may be involved in that trial, it is proper that we should express our opinion upon it, if, as it was offered to be proved, the contract was not in writing, but. rested in parol.
We have referred particularly to the contract in the fore part of this opinion. The question raised is, whether or not it is within the statute of frauds, and therefore void. The law in this district, it is admitted, is a copy of the English statute on the subject.
The patent had some twelve years to run after the date of this contract, which was in June, 1844.
The words of the statute are: “ That no suit shall be brought to charge any person upon any agreement that was not to be performed in one year, unless there was some memorandum or note in writing of the agreement,” &c. Now, the substance of the contract is, that the defendants are to pay in money a certain proportion of the ascertained value of the fuel saved at stated ihtervals throughout the period of twelve years, if the boat to which the cut-off is attached should last so long.
*595 The statute applies to contracts not wholly to he performed within the year.*
It is insisted, however, that this contract is not within it, because it may, by the happening of ^ certain event., — the loss or destruction of the boat, — terminate within the year. The answer is, that the possibility of defeasance does not make it the less' a contract not to be performed within the year.
In Birch v. The Earl of Liverpool,† a contract for hire of a coach for five years, for a stipulated price per year, was held to be within the statute, although determinable by either party .at any time within that period.
The same principle was again held in Dobson and Another v. Espie.‡ That case was the hiring of a traveller for more than a year, subject to a determination by three months’ notice. Pollock, C. B., in delivering his opinion, stated that the object of the enactment was to prevent contracts not to be performed within the year from being vouched by parol evidence, when at a future period any question might arise as to their terms. No doubt, he further observes, formerly it was the practice to construe not only penal statutes, but statutes which interfered with the common law, as strictly as possible; but, in my opinion, that is not the proper course of proceeding. Alderson, B., observed: “ The very circumstance that the contract exceeds the year, brings it within the statute. If it were not so, contracts for any number of years might be made by parol, provided they contained a defeasance, which might come into operation before the end of the first year.”
We might refer to many other cases arising upon this statute. They are numerous, and'not always consistent, for the reason, pi’obably, given by Pollock, C. B., that the courts at first construed the enactment as strictly as possible, as it interfered with the common law. We think the construction given in the cases referred to is sound, and adopt it. The *596 result is, that the contract in question is void, not being in writing. It is a contract not to be performed within the year, subject to a defeasance by the happening of a certain event, which might or might not occur within that. time. All the mischiefs which the statute was intended to remedy apply with full force to it.
Judgment reversed, the cause remitted, and
Venire de novo.

 As reported in 24 Howard.

 Wood v. Jackson, 8 Wendell, 10, 16, 31, 36; Washington, &c., Packet Co. v. Sickles, 24 Howard, 333, 343, 345; Lawrence v. Hunt, 10 Wendell, 80; Cowen & Hill’s Notes to Phillips’s Evidence, Part 2, N. 121.

 Wood v. Jackson, 8 Wendell, 36; Lawrence v. Hunt, 10 Id. 85; Hitckin v. Campbell, 2 Blackstone, 827; Saunders on Pleading and Evidence, Pt. L. 260.

 Boydell v. Drummond, 11 East, 142; Broadwell v. Getman, 2 Denio, 87,

 9 Barnewall & Cresswell, 392.

 2 Hurlstone & Norman, 81.