ALVAH KELLOGG, APPELLANT, *v.* JOHN S. CLARK AND FRANK LANKTON, AS ADMINISTRATORS, ETC., OF HENRY BILLS, DECEASED, RESPONDENTS.

*Reference of a disputed claim against an estate— appeal from a judgment entered upon the report of a referee therein— Statute of frauds —when an oral agreement is void, as not to be performed within one year.*

A party who appears and unsuccessfully opposes a motion for the confirmation of the report of a referee, appointed in pursuance of the statute to pass upon a claim against the estate of a deceased person, may appeal from the judgment entered thereon without first moving at a Special Term for a new trial upon a case and exceptions.

October 17, 1874, the plaintiff agreed to sell to one Westcott certain lands for the sum of $764, to be paid in annual installments of fifty dollars each, with interest on all sums remaining unpaid. In November, 1874, Westcott, in pursuance of an agreement made with one Bills, assigned the said contract to him, and executed and delivered to him a bond and mortgage for $900 upon certain other real estate then conveyed by Bills to Westcott. Bills verbally agreed to pay to the plaintiff the amounts to fall due upon his contract with Westcott, and thereafter entered into possession of the land contracted to be sold by the plaintiff and made two payments to him.

In this action, brought against the administrators of Bills to enforce his agreement to pay the amounts to become due under this contract, *held*, that as most of the payments fell due more than one year after the time when Bills assumed the payment thereof, his agreement was void under the statute of frauds, as being an oral agreement not to be performed within one year.

. APPEAL from a judgment in favor of the defendants, entered upon an order confirming the report of a referee appointed to pass upon a disputed claim against the estate of the defendants' intestate.

*A. B. Melville,* for the appellant.

*C. A. Moon,* for the respondents.

TALCOTT, P. J. :

This case comes before the court on an appeal from a judgment entered on the confirmed report of a referee, appointed with the approval of the surrogate of Herkimer county, under the statute

authorizing administrators to refer claims, the justice of which they dispute.

It appears that after the report of the referee had been filed, a motion was made on due notice, by the attorney for the defendants for judgment in pursuance thereof, which was opposed by the attorney for the plaintiff, and was granted on the 9th day of December, 1879, after hearing the counsel on both sides.

The objection is made, in behalf of the respondent, that an appeal to the General Term does not lie in this case, the plaintiff not having made a motion to set aside the report of the referee, and for a new trial at the Special Term on a case containing exceptions.

The plaintiff, it appears, had omitted to file exceptions to the report of the referee before the order confirming such report was granted, but, on the 4th day of March, 1880, the plaintiff, on motion, obtained leave to file such exceptions, which was done on the 9th day of March, 1880, after the judgment had been entered.

The propriety of this order may have been questionable, yet as there is no appeal from the order, and as the court had the power to make it, it must stand as the law of the case. But, as the questions which arise in the case are presumed to have been fully considered by the Special Term on the motion for confirmation and for judgment, it would seem to be a useless ceremony to move another Special Term to set aside the order of confirmation and for a new trial, for the purpose of reviewing the decision of the Special Term by which the order had been made.

In the case of *Smith* v. *Velie* (60 N. Y., 106), it did not appear that the appellant had opposed the motion for confirmation. It was there held that in such cases, in order to preserve the right of review upon appeal from the judgment entered on the report of the referee, the party aggrieved must move upon a case or otherwise, to set aside the report or for a new trial, or must *appear and oppose its confirmation* and take the proper exceptions. That was done in the present case.

In *Frane* v. *Van Tine et al.* (16 Hun, 528), it appeared that the attorney for the defendant appeared on the motion for confirmation and for judgment, and consented that the same be granted, and for that reason the appeal was dismissed. A judgment consented to in

open court was held to be equivalent to a judgment by default, and, therefore, not appealable. (*Innes* v. *Purcell*, 58 N. Y., 388; see, also, *Flake* v. *Van Wagenen*, 54 id., 25, and *Coe* v. *Coe*, 14 Abb. Pr., 86.) We are therefore of the opinion that the plaintiff had the right to appeal to the General Term from the judgment in this case, entered upon the order of the court confirming the report of the referee.

As to the merits of the case thus presented, it appears that the defendants are sued as the administrators of Henry Bills, deceased, against whose estate a claim was made by the plaintiff for $189.96, being for an amount which fell due in 1877 and 1878, upon a certain contract made between the plaintiff and one Edward Westcott, for the sale by Kellogg to Westcott of a certain parcel of land in the village of Grant, county of Herkimer, which contract bore date on the 17th day of October in the year 1874. The whole sum to be paid by Westcott, as the purchase-money, was $764, which Westcott agreed to pay as follows: Fifty dollars and interest on the whole amount within one year from the date of the contract, and fifty dollars with the interest on the whole amount on the seventeenth day of October in each year thereafter until the whole amount of principal and interest should be fully paid. Westcott and Henry Bills, the intestate, entered into a parol agreement in November, 1874, whereby said Bills agreed to sell and convey to said Westcott, certain real estate situate in the village of Gravesville, in Herkimer county, and Westcott agreed, in consideration of such conveyance to assign to Bills his interest in the said Kellogg contract, and further, to pay Bills the sum of $900 for the property in the village of Grant, to be secured by the bond of Westcott with his mortgage on the property in Grant village; and Bills verbally agreed that he would pay to Kellogg, the plaintiff, the amount which Westcott had in and by said contract agreed to pay Kellogg, in and by the said contract between Kellogg and Westcott as the same should become due.

In pursuance of such agreement, Bills conveyed to Westcott the real estate in Gravesville, referred to, and Westcott made his bond and mortgage to Bills, conditioned for the payment to Bills of the said sum of $900, in installments of fifty dollars per year, with interest on the whole sum until the same should be fully paid; and,

at the same time, Westcott made to Bills a written assignment, under seal, of all his right, title and interest in the said contract, between Westcott and Kellogg, but Bills did not agree to pay any money on the said contract, between Westcott and the plaintiff, except by the said oral agreement.

Bills entered upon and took possession of the property in Grant, and Westcott entered upon and took possession of that in Gravesville.    Westcott made two payments on the $900 bond and mortgage, amounting to $113, and Bills made two payments on the contract, between the plaintiff and Westcott, amounting to $193.46, and made no other payments.    Bills foreclosed the mortgage given to him by Westcott on the Gravesville property, and the same was sold for $500.

The referee, after finding the facts, found, as conclusions of law, that the said oral agreement made by Bills, the intestate, with Westcott, to pay to the plaintiff the money which, by the said contract, Westcott was bound to pay the plaintiff, was within the statute of frauds, being a contract which, by its terms, was not to be performed within one year from the time of making the same, and was therefore void; and that Kellogg, the plaintiff, was not entitled to recover anything on account of the claims by him alleged.    In this conclusion, we think the referee was correct.    The installments, to pay which it is claimed that Bills assumed, mostly fell due, according to the terms of the contract between the plaintiff and Westcott, long after the expiration of a year from the time when Bills assumed the payment thereof.

An oral agreement to pay money, after the lapse of a year, for land to be presently conveyed, is within the statute.    (*Marcy* v. *Marcy*, 9 Allen, 8; 7 Wait's Actions and Defenses, 43; *Broadwell* v. *Getman*, 2 Denio, 87.)    An agreement to pay on a day hence, a year after the time of making the agreement, is within the statute, for a tender before the day would not be good. (*Lower* v. *Winters*, 7 Cow., 263; *Moore* v. *Fox*, 10 Johns., 244.)

Part performance within the year will not take the case out of the statute.    (*Broadwell* v. *Getman*, 2 Denio, 87.)    Where it was held that though one of the parties is to perform everything on his part within the year, the contract is void as to the other, who was not to perform within the year. (See *Lockwood* v. *Barnes*,

3 Hill, 128; and *Durand* v. *Curtis*, 57 N. Y., 7.) Conceding that the plaintiff would have had a personal claim against Bills if the latter had assumed the payment of the installments to grow due on the contract with Westcott by some valid agreement, he is not entitled to make such claims under the circumstances of this case, because the agreement of Bills to assume those payments was void, and if Westcott would be entitled to any relief as against Bills, or his executors, it would not be upon the invalid contract.

The judgment should be affirmed with costs to the respondents.

SMITH and HARDIN, JJ., concurred.

Ordered accordingly.