[No. 7,404.—Department One.]
November 13, 1882.

## GEORGE DOUGHERTY *v.* JACOB ROSENBERG ET. AL.

STATUTE OF FRAUDS—AGREEMENT.—Agreement which may be performed within a year is not within the Statute of Frauds. The complaint alleged that the plaintiff being about to commence separate suits against R. (defendant's testator), B., and H., for the enforcement of certain assessment liens against each of their several lots of land owned by them respectively, R. verbally promised plaintiff that in consideration that the plaintiff would not bring the suit to enforce the lien against the lot owned by him, but would "altogether forbear" to bring such suit, and would commence and prosecute suits against B. and H. for the enforcement of the assessments against their lots respectively, and succeed in recovering final judgments in such suits against B. and H., he, the said R., would, upon such final recovery, pay to the plaintiff the amount of the assessment against the lot owned by him.

*Held:* Such agreement is not void under the provision of the Statute of Frauds requiring a writing for agreements that by their terms are not to be performed within one year from the making thereof.

ID.—CONSTRUCTION OF AGREEMENT.—The agreement of the plaintiff was "altogether," not "always," to forbear, and an agreement to refrain altogether for an indefinite time is not within the operation of the statute.

ID.—The promise of the plaintiff was "altogether" to forbear to bring suit to foreclose the lien against the lot of R. until he should recover final judgments against B. and H., events which might occur within the year.

ID.—The statute does not declare void a contract which may not be performed within a year, or which is not likely to be performed within that period. It includes only agreements which, fairly and reasonably interpreted, do not admit of a valid execution within the year.

APPEAL by the plaintiff from the judgment of the District Court of the Fifteenth Judicial District of the State of California, in and for the City and County of San Francisco. DWINELLE, J.

Action on contract. The facts are stated in the opinion of

the Court. After decision by Department No. 1, a petition for hearing in bank was filed and denied.

*J. C. Bates,* for Appellant.

The promise is not within Statute of Frauds. Section 3156, Subdivision 1, Hittell's Digest, is substantially the same as Section 1624, Civil Code, which provides for different cases. "An agreement that, by its terms, is not to be performed within a year from the making thereof," must be in writing, and subscribed by party to be charged.

Said section does not provide that a contract that can not be performed, or may not or is not likely to be performed within a year, but one that by its terms is not to be performed within one year. Parsons, in his work on Contracts, vol. 3, pp. 35, 36, says the rule may be thus stated: "If the executory promise be capable of entire performance within one year, it is not within the clause of statute." The following cases from this Court are somewhat in point, and those from other States are very strong in our favor: *Feeny* v. *Daly,* 8 Cal. 85, and cases cited; *Barringer* v. *Warden,* 12 id. 311; *Stark* v. *Raney,* 18 id. 622; *McLaren* v. *Hutchinson,* 22 id. 187; *Kent* v. *Kent,* 62 N. Y. 564; *Moore* v. *Fox,* 10 Johns. 243; S. C., 6 Am. Dec. 338; *Plimpton* v. *Curtiss,* 15 Wend. 336; *McLees* v. *Hale,* 10 id. 428; *Trustees Baptist Church* v. *B. F. Ins. Co.,* 19 N. Y. 307; *Artcher* v. *Zeh,* 5 Hill, 203; *Lockwood* v. *Barnes,* 3 id. 130; S. C., 38 Am. Dec. 694; *Blake* v. *Cole,* 22 Pick. 97; *Kent* v. *Kent,* 18 id. 569; *Russell* v. *Slade,* 12 Conn. 455; *Burney* v. *Ball,* 24 Ga. 516; *Wiggins* v. *Keizer,* 6 Ind. 254; *Ellicot* v. *Peterson,* 4 Md. 488; *Soggins* v. *Heard,* 31 Miss. 429; *Peters* v. *Westborough,* 19 Pick. 364; S. C., 31 Am. Dec. 142; *Foster* v. *McO'Blenis,* 18 Mo. 91; *Suggett* v. *Cason,* 26 id. 225; *Blanding* v. *Sargent,* 33 N. H. 245; *Esty* v. *Aldrich,* 46 id. 129; *Broadwell* v. *Getman,* 2 Denio, 87; *Gadsden* v. *Lance,* 1 McMull. (S. C.) Eq. 92; *Thompson* v. *Gordon,* 3 Strobh. (S. C.) 188; *Thouvenin* v. *Lea,* 26 Tex. 614; *Blanchard* v. *Weeks,* 34 Vt. 592; *Rogers* v. *Brightman,* 10 Wis. 65.)

*James M. Taylor* and *Cope & Boyd,* for Respondents.

This agreement is void under the Statute of Frauds. It is

an entire agreement. One part of it can not be separated from the other. All parts of it must stand or fall together. One of its covenants or stipulations is, that plaintiff shall "always forbear to bring or commence any suit or proceeding to enforce said lien," and this stipulation, if valid, binds plaintiff's representatives as well as himself. (2 Pars. on Cont. 531–533; 1 id. 127 and 131.)

It is a continuing obligation to always forbear. The Statute of Frauds in force on the twentieth day of May, 1870, the time said agreement is alleged to have been made, provided as follows : "Section 12. In the following cases, every agreement shall be void, unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party charged therewith: Every agreement that by the terms is not to be performed within one year from the making thereof." (Statutes of 1850, p. 267; Brown on Stat. Frauds, 509.)

It will be observed that this statute is different from the English statutes, and the statutes of several of the States. Those statutes provide in effect that no action shall be brought upon any agreement that is not to be performed within one year from the making thereof. (Brown on Stat. Frauds, 503–538.)

Our statute makes the agreement void. The statute affects the entire agreement between the parties—not a part of it. If any part of it is not to be performed within a year, the entire agreement is void.

This is the natural import of the language used in the statute, and the Court will not, by a forced and unnatural construction, compel the defendants to perform those stipulations of the agreement which are to be performed on their part when the stipulations of the agreement which are to be performed by the plaintiff are vitiated by the statute and can not be enforced.

If plaintiff, contrary to his agreement, had brought suit, or should hereafter bring suit, to enforce the alleged lien, defendants could not set up the agreement to always forbear to bring such suit, because it is void.

In the case of *Broadwell* v. *Getman* (2 Denio, 87), the defendant could have performed within a year all the stipula-

tions of the agreement to be performed on his part; but the plaintiff, who sought to enforce the agreement against the defendant, was not to perform all its stipulations on his part within the year, and in the opinion of the Court, at page 89, it is said: "As this agreement was made in January, 1841, and could not be completely executed until the close of the season of 1842, it was within the statute, and not being in writing and signed, was void. Upon this point it would seem difficult to raise a doubt upon the terms of the statute. An agreement is an entire thing, and where that can not be completely executed, on both sides, until more than a year has elapsed, the case falls within the express words of the enactment. It is also within the spirit."

The following authorities are applicable to the question under consideration: *Main* v. *Walters,* 5 East. 10 (new ed., Vol. 3, p. 21.) (In this case the word agreement is construed to mean, "that which is to show what each party is to do or perform.") *Saunders* v. *Wakefield,* 4 Barn. & Ald. 603; *Sears* v. *Brink,* 3 Johns. 215; S. C., 3 Am. Dec. 475; *Stephens* v. *Winn,* 2 Nott & McC. (S. C.) 372; *Henderson* v. *Johnson,* 6 Ga. 391; *Taylor* v. *Pratt,* 3 Wis. 695; *Pitkin* v. *Long Island R. R. Co.,* 2 Barb. Ch. 230, 232; *Broadwell* v. *Getman,* 2 Denio (N. Y.), 87; *Frary* v. *Sterling,* 99 Mass. 461; *Lockwood* v. *Barnes,* 3 Hill (N. Y.), 128; S. C., 38 Am. Dec. 694; *Holloway* v. *Hampton,* 4 B. Mon. (Ky.) 415; *Fuller* v. *Reed,* 38 Cal. 109, 110; *Patten* v. *Hicks,* 43 id. 509, 511; *Swift* v. *Swift,* 46 id. 266.

McKINSTRY, J.:

The complaint alleges that plaintiff, being about to commence separate suits against Michael Reese (defendant's testator), J. W. Brittain, and D. V. B. Henarie for the enforcement of certain assessment liens against each of three several lots of land owned by said persons respectively. Reese (on the twentieth day of May, 1870) verbally promised plaintiff, that in consideration that plaintiff would not bring the suit to enforce the lien against the lot owned by him, but would "altogether forbear" to bring such suit, and would commence and prosecute suits against Brittain and Henarie for the enforcement of said assessments against their lots respectively,

and succeed in recovering final judgments in said suits against Brittain and Henarie, he, the said Reese, would, upon such final recovery in said suits, pay to the plaintiff the amount of said assessment on the lot so owned by him, to wit, the sum of nine hundred and ninety-seven dollars and sixty-eight cents, and interest thereon, etc.

The defendants demurred. The Court below sustained the demurrer, and, plaintiff declining to amend, rendered the final judgment in favor of defendants, from which plaintiff has appealed. It is claimed by respondents that the agreement set forth in the complaint is void under the statute of frauds, in force when the agreement was made. The twelfth section of the statute reads: " In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party to be charged therewith: 1. Every agreement that by its terms is not to be performed within one year from the making thereof." (Stats. 1850, p. 267.)

It is urged, that if any part of the agreement is not to be performed within a year, the entire agreement is void; that where, by its terms, it can not be completely performed " on both sides" (*Roadwell* v. *Getman,* 2 Denio, 89) until more than a year has elapsed, the case falls within the express words of the enactment. And—applying these principles to the case—it is said one of the promises of plaintiff is, by its terms, not be performed within the year, to wit, the promise " always to forbear" to bring the suit. But the agreement of plaintiff was " altogether," not " always," to forbear, and an agreement to refrain altogether for an *indefinite* time is not within the operation of the statute. (Browne on the Statute of Frauds, 279.) As we construe the agreement, however, the promise of plaintiff was altogether to forbear to bring suit to foreclose the lien against the lot of Reese until he should recover final judgments in the actions against Brittain and Henarie—events which might occur within the year. Such was the evident intent of the parties. There is nothing in their language to indicate they intended, in case Reese did not pay when final judgments should be entered against Brittain and Henarie, the plaintiff should *further* forbear. It can not be said, therefore, that by its terms the contract was

not to be performed within the year. The statute does not declare void a contract which *may* not be performed within a year, or which is *not likely* to be performed within that period. It includes only agreements which, fairly and reasonably interpreted, do not admit of a valid execution within the year. (Browne on Stat. of Fraud, 273.)

Judgment reversed and cause remanded, with directions to the Court below to overrule the demurrer.

Ross and McKee, JJ., concurred.