GEORGE B. PIERCE *v.* THE ESTATE OF CHARLES PAINE.

*Statute of frauds. Agreement not to be performed within one year.*

If the agreement, for the non-performance of which an action is brought, was not to be performed within one year, no recovery can be had upon it, although that which formed the consideration of the agreement was to have been, and was paid or performed within that period; and no recovery can be had for or upon the consideration so paid or performed, unless it enured to the benefit of the defendant.

Application of this principle to the present case.

ASSUMPSIT. The allegations in the declaration do not appear in any papers in the possession of the reporter, except so far as they are stated in the opinion of the court. Plea, the general issue; trial by jury, September Term, 1855,—POLAND, J., presiding.

The plaintiff testified that he was a stockholder in the Vermont Central Railroad Company, and by the rules of the company, established at the time they issued a new stock, at fifty cents on the dollar, he was entitled to take more than fifty shares of said fifty per cent issue, but that before the time limited for the stockholders to take the fifty per cent stock had expired, he had determined not to subscribe, and so informed the testator, whereupon he asked the plaintiff if he might have the benefit of his subscription, to which the plaintiff replied that he might; that a day or two after this he inquired of the plaintiff if he had subscribed for the stock, and he replied that he had not; that the testator thereupon told the plaintiff to subscribe for fifty shares of said fifty per cent stock, and pay for the same, and at the end of a year he would pay to the plaintiff his money back and interest thereon at any

rate, and, if the stock rose, would divide the profits on it with the plaintiff; and that if, at the end of the year, the plaintiff should prefer to keep the stock rather than have it disposed of, he should have the privilege of doing so, and the profits should be determined by the then market price; that the plaintiff acceded to these proposals, and William Warner, the then treasurer of the railroad company, was called on to witness the arrangement; and that the next day the plaintiff went to the treasurer's office, and in pursuance of said arrangement, subscribed for fifty shares of said stock, and paid the first installment thereon, of $750, and, in September and December following, paid the installments as they fell due, amounting in all to the sum of $1,500. The plaintiff took certificates of the stock in his own name when he subscribed, and the payments were endorsed thereon.

The plaintiff also testified that he gave proxies of this stock by the direction of Paine, for the purpose of voting in the meetings of the company.

The plaintiff also read a deposition of Wm. Warner, the substance of whose testimony is sufficiently stated in the opinion of the court. The defendant introduced no evidence, and claimed, among other things, that the plaintiff could not recover because the contract was within the statute of frauds; but the court decided otherwise, and, as the defendant did not controvert any of the facts stated by the plaintiff, directed a verdict for the plaintiff. Exceptions by the defendant.

*T. P. Redfield* for the defendant.

One year was to elapse before any promise or duty assumed by the testator was to be performed.

If part of the contract is to be performed within one year, and part afterwards; see *Foot et al.* v. *Emerson*, 10 Vt. 338; *Hinckley* v. *Southgate*, 11 Vt. 428.

If the agreement be *wholly performed* by one party, leaving stipulations to be performed by the other party; see the opinion of Lord Ellenborough, in *Boydell* v. *Drummond*, 11 East 159; 1 Smith's L. C. 317–18; *Bracegirdle* v. *Heald*, 1 B. & A. 722.

A verbal contract to work two years, and partly executed, is within the statute of frauds. *Drummond* v. *Burrell*, 13 Wen. 307,

An action cannot be sustained on a verbal promise to return the money paid on the purchase of a patent right, if the plaintiff did not within three years realize $1000, profits. *Lapham* v. *Whipple*, 8 Met. 54. *Henning* v. *Butlers*, 20 Maine 119; 2 Steph. N. P. 1977. See also the case of *Manor* v. *Pyne*, 12 C. L. R. 43; *Broadwell* v. *Getman*, 2 Denio 87; *Foot et al.* v. *Emerson*, 10 Vt. 338; *Hinckley* v. *Southgate*, 11 do. 428; *Squier* v. *Whipple*, 1 Vt. 69; *Boydell* v. *Drummond*, 11 East 142; Smith's Leading Cases 316–17–18.

*Vail* and *Peck & Colby* for the plaintiff.

The provision in the statute of frauds, relied upon by the defendant, applies only to those contracts which are not to be performed, on either side, within one year. It does not reach a case where the contract is to be executed, on one side, within the year.

The case is not within the statute. *Donellan* v. *Read*, 3 Barn. & Adol. 899; 23 Com. Law 215.

The opinion of the court was delivered by

REDFIELD, CH. J. This is an action of assumpsit upon a promise to pay the plaintiff the money paid out, and interest, if he would subscribe for fifty shares in the stock of the Vermont Central Railroad Company, and pay the amount of them, as the assessments fell due, which was within one year, if, after one year, the plaintiff should elect not to keep them, but to transfer them to the defendant. And if the plaintiff did then elect to keep them, and they were above par, he was to pay the defendant half the advance. It is claimed, on the part of the defendant, that this is a contract within the statute of frauds, as not to be performed within the year from its date, and not being in writing.

And it is replied to this, that, as it was to be performed, upon one side, within the year, that takes it out of the operation of this portion of the statute, and the case of *Donellan* v. *Read*, 3 Barn. & Adol. 899, 23 Eng. C. L. R. 215, is relied upon. There can be no doubt such a doctrine is declared in this case; but it is severely questioned by Smith, in his Leading Cases, 1 vol. p. 145, *et seq.*; and in the American note it is said, that it has been generally held, in this country, " that it [the statute] applies in all cases where the

obligation or duty sought to be enforced, could not have been fulfilled within the year, and that an oral promise for the payment of money, or the performance of any other act, at a greater distance of time than one year, is conseqnently invalid, whether made upon an executed or executory consideration," citing *Cabot* v. *Haskins*, 3 Pick. 83; *Lockwood* v. *Barnes*, 3 Hill 128; *Boardwell* v. *Getman*, 2 Denio 87.

And the chief difference between the case of *Donellan* v. *Read* and the other cases is, that in the former case it is laid down that if one party is to perform and does perform all of his part of the contract, that takes the case out of the statute; and in the American cases cited, and in one late English case, *Souch* v. *Strawbridge*, 2 C. B. 808, by TINDALL, Ch. J., it is said that to entitle the party to recover on his part-performance within the year, when the other party was not bound to perform within the year, it must appear that the performance, on the part of the plaintiff, was accepted on the other side, or that it went to the benefit of the other side. And just here it seems to us comes the proper distinction.

If the contract has been performed on one side, in such a manner that the performance goes to the benefit of the other party, whether this was done within the year or not, it undoubtedly lays the foundation of a recovery against the party benefited by such performance. But when the contract, on the part of this party, was not to be performed within one year from the time it was made, the recovery is not upon the contract, but upon the *quantum meruit* or *valebat*, or upon the money counts. It is a recovery back of the consideration of a contract upon which no action will lie, and which has been repudiated by the other party.

And in the present case, if the plaintiff could be treated as the mere agent of the defendant, in making this subscription and payment of money, and the stock as being the defendant's stock, standing in the name of the plaintiff, there would certainly be no difficulty in the plaintiff recovering the money and interest. And this is the view taken of the plaintiff's case by the learned counsel on his behalf, and it is the only ground upon which it seems to us the action can be maintained, consistently with a fair and reasonable construction of the statute. For the statute is explicit, that no

action shall be maintained upon any agreement not to be performed within the year. It is that portion of the agreement, or the contract sued upon, which comes within the statute, by not being to be performed within the year, and not that portion of the agreement which constitutes the consideration of the promise sued upon. It will make no difference in regard to recovering the price of the consideration, whether it is paid down, or paid within the year, or after the expiration of the year; or whether it is agreed to be paid at one time or another. If it has been paid, so as to go for the benefit of the other party, at any time, and he does not perform the contract on his part, a recovery may be had, but not upon the special contract, if not to be performed in the year, but for the consideration paid or performed by the plaintiff, and which came to the use of the defendant; and this recovery may be had upon the common counts, ordinarily, it is presumed. See note to 3 Pick. 95, by Judge PERKINS, citing *Lane* v. *Shackford*, 5 N. H. 133; 1 Fairfield 31, and 1 Pick. 328; 3 Wen. 219, and other cases.

But to say that this takes the whole agreement out of the operation of the statute, is virtually disregarding both its terms and all the beneficial objects of its adoption. It is the contract sued upon, which, by its being of older date than one year, exposes to the evils of fraud and perjury. And these evils are none the less because the consideration has been performed within the year. The consideration may be a pepper corn or a thousand dollars; it may be money, labor, goods, or a counter promise, and it may be executed or executory, and the danger of fraud or perjury is not materially increased or diminished. The danger of fraud and perjury is chiefly connected with the proof of that portion of the contract sued, and if that is not to be performed within the year, in our judgment, no action can be sustained upon the contract or agreement, consistently with a fair interpretation of the statute; and this, we think, is the only consistent result of the decided cases upon this point.

The case of *Donellan* v. *Read* was where improvements upon premises in the occupancy of a tenant, had been made at his request, upon a contract to pay an increased rent during the remainder of his term, which was more than one year. He enjoyed the

benefit and use of the improvements, and declined to pay for them. The court held the contract not within the statute. This was immaterial to the recovery. The defendant had received the benefit of the improvements, and had agreed to pay £5 for the use annually. This contract was not binding, or could not be sued specially, but a recovery could be had for the use, and that is all this case decides; the declaration containing the count for use and occupation, and the money counts. It is like the case of a contract to demise premises for five years, without writing. No action can be maintained upon the contract. But if the defendant occupy the premises, a recovery may be had for the use and occupation, and the agreed rent may be adopted, as the probable value of the use. So the argument of LITTLEDALE, J., in this case, which seems to have been regarded by him as quite conclusive, is nothing more than saying, if one party, after having received goods or money on a contract, within the statute of frauds, repudiates the contract, he must answer for the money or goods. It is said this case has been reaffirmed in a late case in the Exchequer, *Cheney* v. *Heming*, 4 Exch., 631. But as it does not go further than *Donellan* v. *Read*, it requires no further answer; it is, indeed, far more questionable than *Donellan* v. *Read*. And *Holbrook* v. *Armstrong*, 1 Fairfield, 31, which is sometimes referred to upon this point, as confirming the case of *Donellan* v. *Read*, is only a recovery for money or goods which came to the defendant's use.

We must then fall back upon the ground quoted from Mr. Wallace's note, and the cases referred to, that no recovery can be had if the *contract sued upon* was not in writing and not to be performed within one year. And no recovery can be had upon the consideration unless it has come to the defendant's use.

To apply this to the present case, no question is made that the defendant's portion of the contract was not to be performed within the year, inasmuch as one full year was to expire before the plaintiff made his election whether to transfer the stock to the defendant or not, and this was to determine the defendant's obligation. If the plaintiff elected to keep it, he could, and the profits, for that term, were to be divided. If he elected to transfer, the defendant was to pay him the money he had paid out, and interest, and the

profits to be divided between them, the defendant to pay half the advance in price; so that clearly the defendant could not know what was the nature of his obligation till after the year had expired.. This is the plaintiff's own version of the facts. The witness, Warner, finally said he thought the defendant guaranteed the stock to be good at the end of the year, or that he would then take it and pay the cost and interest, and half the advance in price, if any. But all the testimony gives one full year before the defendant's obligation attached; of course it could not be performed within the year.

Upon the point whether the payment of the money came to the defendant's use, so that it may be recovered back, it seems very clear to us, that it did not. The plaintiff himself says that he had an election to keep the stock himself, at the end of the year. The stock was not then to become the defendant's till the end of the year, and there is no pretence it ever did become his, so as to vest any title or use in him, unless a proxy may be so regarded, and we think this is no use for which any recovery can be had.

In looking into the cases, the leading case of *Peter* v. *Compton* is a full authority to show that it makes no difference as to the binding force of a contract, not to be performed within the year, that it is performed within the year, upon one side. In that case the consideration was paid down. And this case is not questioned, except that incidentally it is said to be limited by *Donellan* v. *Read.* But CH. J. TINDALL puts this upon the true ground, in *Souch* v. *Strawbridge,* 2 C. B. 808, that there may always be a recovery when there has been full performance on one side, accepted, or which comes to the use of the other. But in the present case nothing came to the defendant's use. So, too, in *Broadwell* v. *Getman,* 2 Denio 87, BEARDSLEY, J., fully maintains the ground that if the portion of the contract *sued* was not to have been performed within the year, no action can be maintained upon the contract, and that to hold the contrary is virtually to disregard the statute. The same is expressly decided in *Lapham* v. *Whipple,* 8 Metcalf 59. WILDE, J., says, "To support the action, the plaintiff must prove the contract, and the object of this part of the statute was to prevent the proof of verbal agreements when, from the lapse of time,

the witness might not recollect the precise terms of the agreement."
And in *Lockwood* v. *Barnes*, 3 Hill 131, it is said, and has been so
held by this court, that a recovery may always be had for perform-
ance, or a part performance, on one side, of a contract, within this
or any other section of the statute of frauds, if repudiated by the
other party, and this part performance came to the use of the
other party. But the payment or performance of the considera-
tion of an agreement or contract, within any section of the statute
of frauds, never takes it out of the statute; if it were so, no con-
tract upon an executed consideration would ever come within the
statute. But in all cases of contracts within the statute, where the
promisee has done something towards the performance of the con-
tract on his part, and the other party declines to perform on his
part, a recovery of what is thus done may always be had, and this
is all that the performance of such contract on one side will avail
at law, and this only when such performance on one side enures to
the benefit of the other side.

Judgment reversed and case remanded.