## James Sheehy *v.* John Adarene.

### *Statute of Frauds.    Contract.*

Where a verbal contract is to be performed within a year by one party, but not by the other, the question whether the Statute of Frauds applies or not depends on whether the suit is brought against the party who was to perform his part within the year. If it is so brought, the statute would not apply, but if brought against the party whose agreement was not to be performed within the year, then the statute would be a bar.

On the 19th of March, 1864, the parties made a verbal contract by which the defendant agreed to furnish the plaintiff, on the 1st day of April next following, or within a short time thereafter, a cow for the use of the plaintiff, or forty dollars in money with which to purchase a cow, and that the plaintiff was to have the use of said cow for the period of one year from said 1st day of April, and that the plaintiff, at the end of the year, was to have the privilege of electing either to purchase the cow by paying forty dollars in money and one year's interest on that sum for her, or to pay a reasonable sum for her use for that year; the cow to be the property of the defendant until the end of that year. The plaintiff made proper and reasonable demand of the defendant to furnish the cow, but the defendant refused to do so.

This is *assumpsit* to recover damage for the breach of said contract. No question was made in the county court as to the sufficiency of the consideration for said contract. The only point made by the defendant was, that, as the contract was verbal, and executory on both sides, and the plaintiff's part not to be performed till after the lapse of more than a year, the action could not be maintained. Upon this point the court held that it could

be maintained, and a verdict and judgment were rendered for·
the plaintiff. To this ruling the defendant excepted.

The case was tried at the December term, 1868, PIERPOINT, C.
J., presiding.

*H. Ballard,* for the defendant, cited Gen. Sts., ch. 66, § 1;·
*Squire* v. *Whipple,* 1 Vt., 69 ; *Hinckley* v. *Southgate,* 11 *Id.,* 428 ;
*Pierce* v. *Estate of Paine,* 28 *Id.,* 34 ; *Boydell* v. *Drummond,* 11
East, 159 ; *Foot* v. *Emerson et al.,* 10 Vt., 339 ; 20 Me., 122 ;
*Peter* v. *Compton,* 1 Sm. Lead. Cas., 539–541 ; *Broadwell* v.
*Getman,* 2 Denio, 87 ; *Cabot* v. *Haskins,* 3 Pick., 83 ; *Lockwood*
v. *Barnes,* 3 Hill, 128 ; Browne on Frauds, § 286.

*L. F. Wilbur,* for the plaintiff, cited 3 Vt., 290 ; 23 *Id.,* 497 ;
28 *Id.,* 358 ; Browne on Frauds, § 403, § 404, § 135 ; 6 Vt., 69 ;·
*Id.,* 383; 14 *Id.,* 446 ; 24 *Id.,* 606 ; 29 *Id.,* 510 ; 28 *Id.,* 34 ;.
20 Ind., 24 ; 33 N. H., 239 ; 6 Rich. 14 ; 10 Me., 31 ; 1 Kelley,
340–348 ; 4 Md., 476–478 ; 3 B. & Ad., 899 ; 2 C. B. N. S.,.
66 ; 2 C. B., 808 ; 7 Ala., 161 ; 1 Root, 142; *Id.,* 479 ; Chit..
on Cont. 68, 69 ; 26 Penn., 327 ; 31 *Id.,* 322 ; *Id.,* 523 ; 33.
*Id.,* 169 ; 46 *Id.,* 504 ; 35 *Id.,* 308.

The opinion of the court was delivered by

BARRETT, J. Our statute is that "no action shall be brought
upon any agreement not to be performed within a year from the
making thereof, unless," etc. In this case, what the defendant
undertook to do was to be done entirely and completely within a
month or so after the making of the contract. The things to be
done by the plaintiff were not to be done till more than a year
from the making of said contract. If the plaintiff had broken the
contract, the case of *Pierce* v. *Estate of Paine,* 28 Vt., 34, would.
seem to be direct that an action for such breach could not be
maintained against him. Can this action be maintained against
the defendant for the breach of the contract committed by him?
It is to be premised, that, in this case, a fact is lacking that has.
existed and been named, and perhaps regarded as more or less·
important, in some of the reported cases, and in the discussions-

of authors and commentators upon the subject, viz., performance by the plaintiff of the contract on his part, for in this case the plaintiff had nothing to do till the defendant had performed on his part by furnishing the cow or the money, and the plaintiff had kept the cow through the designated year. If, therefore, the defendant is to be held liable in this action, it must be by the vigor of the contract, and not by reason of benefit received and enjoyed by him, resulting from performance of the contract on the part of the plaintiff.

The only point of exception is raised upon the fact that, by the terms of the contract, " the plaintiff was not to perform his part of it until after a period of more than a year had elapsed from the making of it." In the bill of exceptions it is also said that " no question was made as to the sufficiency of the consideration of the cow contract ;" and, in this court, counsel have treated the defendant's agreement as valid in every respect, and enforcible, provided it does not fall within the operation of the statute above cited. We treat it in the same way, and also confine the decision to the ground and point of exception.

It is conclusively settled by the decided cases in this state that the *agreement*, signified by the clause of the statutes above quoted, must be capable of being completely performed within the prescribed year : *Squire* v. *Whipple*, 1 Vt., 69 ; *Hinckley* v. *Southgate*, 11 Id., 428 ; *Foote* v. *Emerson & Stone*, 10 Id., 339. It is claimed by the defendant that " the term ' agreement,' as used in the statute, must be construed as meaning and including what is to be done by both parties." This claim presents the hinge-point of the case. In the famous case of *Wain* v. *Warlters*, 5 East, 10, it was held that the word *agreement*, in its application to the clause of the Statute of Frauds as to the *special promise* to answer for the debt, default, or miscarriage of another, requires the consideration, as well as the promise, of the party sought to be charged, to be in writing. After various expressions of surprise, and voluminous criticisms by English judges and lawyers, and some almost contrary decisions, the Court of King's Bench, AB-BOT, C. J., BAYLEY, HOLROYD, and BEST, JJ., deliberately sanctioned, and directly applied, the doctrine of that case, in the year

1821, in *Saunders* v. *Wakefield*, 4 B. & Ald., 595. The varied fortunes of the law of that case, both in England and America, are shown with learned and painful elaboration by PARKER, C. J., and the decision disapproved in the same year, 1821, in the case of *Packard* v. *Richardson et al.*, 17 Mass., 122. In Day's Edition (1817) of East's Reports is also a very learned, acute, and exhaustive note furnished by Judge SWIFT, and enlarged by the editor, disapproving that decision. The subject is brought down to a very recent date in the last edition of Smith's Lead. Cas., and it appears that the doctrine of *Wain* v. *Warlters* is now the established law of the point in Westminster Hall. Our own court has had occasion to administer a similar statute. At the time *Smith* v. *Ide*, 3 Vt., 290, arose and was decided, our Statute of Frauds was as follows: "Sec. 1. That no suit in law or equity shall be brought or maintained upon any contract or agreement hereafter to be made, whereby to charge any executor, etc., * * or whereby to charge the defendant upon any special promise to answer for the debt, or default, or miscarriage of another person; * * or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the contract or agreement upon which such action shall be brought," etc. This obviously contemplates an action upon a *contract* or *agreement*, whereby to charge the defendant upon a special promise —that is, a suit brought upon the whole contract or agreement, in which the defendant's special promise was embraced and was obligatory upon him. That mode of using those terms certainly indicates as wide a scope for the term " *agreement*" as the use of the same terms (omitting the word " contract") in the corresponding clauses of the 29 Car. II., which are, "No action shall be brought whereby to charge the defendant upon any *special promise* to answer for the debt, etc., of another person, etc., unless the agreement upon which such action shall be brought," etc. In *Smith* v. *Ide*, *supra*, decided in 1831, with *Wain* v. *Warlters*, and the other English and several New York cases to the same effect, before the court, it was held, in a very elaborate opinion by ROYCE, J., that our statute required that only the promise of the party to be charged by it in the suit should be in writing.

Our present statute (Gen. Sts. ch. 24), corresponding to 29 Car. II., ch. 3, § 4, is as follows: " Sec. 1. No action at law or in equity shall be brought in any of the following cases: 1st. To charge an executor, etc.   2d. To charge any person upon any special promise to answer for the debt, default, or misdoings of another.   3d. To charge any person upon any agreement made upon consideration of marriage.   4th. Upon any contract for the sale of lands, etc.   5th. Upon any agreement not to be performed within one year from the making thereof, unless the promise, contract, or agreement upon which such action shall be brought," etc. In that last clause the terms *promise, contract,* or *agreement* are used disjunctively and distributively, importing that each is used by repetition with reference to the same terms respectively in the five preceding clauses.   The closing clause of the English statute has the term " *agreement*" only, which, of course, embraces all the three terms used in the preceding clauses.   Now, it is plain that the term " *agreement*" is used in the same sense every time it is repeated in our original statute of 1822, and that it has no different meaning, when used with reference to the limitation of performance within a year, from what it has when used with reference to actions on agreements or contracts for the debt of another.   In the language of ROYCE, J., in *Ide & Smith* v. *Stanton,* 15 Vt., 691, " It is synonymous with *special promise* or *undertaking.*"   I seems equally plain that the term "agreement" is used in our present statute in precisely the same sense as in the statute of 1822; and, therefore, the doctrine of the case of *Ide* v. *Smith, supra,* has direct application and full force.   The idea of the separability of the correlative parts of the contracts embraced in the first section of our Statute of Frauds is recognised and illustrated in *Thayer* v. *Viles et al.,* 23 Vt., 497 ; also in *Hodges and Wife* v. *Green,* 28 Id. 358, and in several other similar cases. The same idea is most explicitly and fully presented in the very discriminating and able opinion in *Peirce* v. *Estate of Paine.* The plaintiff in that case, in pursuance of the agreement between himself and Paine, at once made purchase of the stock ; but the transaction could not be consummated till the lapse of a year, so as to enable it to be determined whether Paine would be under ob-

ligation to pay Peirce anything, depending on the election that Peirce should then make; and, until then, Paine was not to, and did not, derive any right or advantage from the transaction. He had received nothing. In no event was the contract, or his part of the contract, to be performed within a year. It was in view of this fact that the law was elaborated and applied to the effect that the action could not be maintained against Paine. But it is prominent for notice that REDFIELD, C. J., says, "It is that portion of the agreement, or contract sued upon, which comes within the statute, by not being to be performed within the year, and not that portion of the agreement which constitutes the consideration of the promise sued upon." This is but treating the doctrine held in the case of *Ide* v. *Smith, supra,* as equally applicable to the fifth clause of the statute as to the second clause. It may be proper to remark, in passing, that what is thus shown as to the case of *Peirce* v. *Estate of Paine* shows that the learned annotator, in his note on *Peter* v. *Compton,* on p. 547, 1 Sm. Lead. Cas., ed. of 1866, was not quite accurate in saying that, in that case, "the question whether a contract must not be susceptible of performance on both sides within the year, in order to be valid without writing, arose in definite form, and was decided in the affirmative."

There are several cases in which it has been held that, when the contract on the part of either party can be performed within the year, the statute will not apply, although the other party can not perform his part till after the expiration of a year. Under the decision in *Peirce* v. *Estate of Paine,* in connection with what has been held in other cases in this state, before referred to, we think that whether the statute applies or not depends on the question whether the suit is brought against the party that was to perform his part of the contract within a year. If it is so brought then the statute would not apply; but if brought against the party whose agreement was not to be performed within a year, then the statute would apply. As before intimated, there are cases in which the fact of performance by the party who was to perform within the year has been named and treated as affecting the applicability of the statute; in respect to which I presume to remark

that in the first place, the statute does not in any respect make the right to maintain an action dependent upon the fact of performance by either party, but upon the intrinsic character of the contract, as to when, by its terms, the respective executory undertakings of the parties may be performed ; or, in other words, upon the capability of the agreement sued upon to be performed within a year.   In the next place, in none of the cases in which the actual performance has been named as an element in the right to maintain the action, was that fact material for that purpose, so far as the effect of the statute was concerned.   That fact would have been a necessary element in the plaintiff's right of recovery if there had been no statute.   In *Donellan* v. *Reed*, 3 B. & Adol., 899, of course the plaintiff could not have recovered the stipulated additional rent, if he had failed to make the stipulated improvements.   So too in *Blanding* v. *Sargeant*, 33 N. H., 239, the plaintiff could not have recovered if he had failed to do on his part that which laid the defendant under obligation to perform his agreement.   And the same is true and is well illustrated by the line of discussion in *Holbrook* v. *Armstrong*, 10 Maine, 31. The same is true of every conceivable case of like kind.   In the case before us, as before remarked, the plaintiff had done that by way of adequate consideration which, independently of the statute, would have rendered the undertaking of the defendant valid and enforcible against him.   Only that which was undertaken by the defendant was to be done within a year.   That undertaking is here sued upon.   His breach of it at once perfected his liability, and the plaintiff's right of action.   Looking to the reason of the law, under the statute, this case stands for the same consideration as any case in which the cause of action should arise from the breach of an agreement that had no relation to the Statute of Frauds.   Upon the occurring of such breach, the right of action would be perfected ; but the party would be at liberty to delay bringing his suit to the last hour allowed by the Statute of Limitations without affecting the right to maintain the action.   The purpose of the Statute of Frauds is to provide for a class of cases in which there can not be an actionable breach within the specified time.   That class embraces only agreements that are not to be

performed within a year. Such agreements as may be wholly broken within the year, and thereby give a cause of action for such complete breach, do not fall within either the letter or the reason of the statute. The present case shows the matter in a strong light. The failure of the defendant to furnish the cow or the money, as he agreed to do, made an end of the whole arrangement, and left nothing further, either in act or time, to be done by either party toward the performance of the agreements on either side. The plaintiff thereupon ceased to have anything thereafter to do as matter of obligation to the defendant. The defendant had nothing to do but to pay the damage caused by his breach of agreement; and that breach constituted a perfected cause and right of action in the plaintiff. This being so, the reason of the law under the statute no more had application and force than it would have had if the time for the performance of the agreement on both sides had been limited to a period short of a year from the making thereof, and the defendant had committed the same breach that he did in this case.

It is proper further to remark that in all the cases where the agreement has been held to be within the statute, the action was for the breach of that side of the contract that was not to be performed within the year; as *Boydell* v. *Drummond*, 11 East. 142 ; *Bracegirdle* v. *Heald*, 1 B. & Ald. 727 ; *Peirce* v. *Estate of Paine, supra; Broadwell* v. *Getman*, 2 Denio, 87. Without pursuing the subject further, the judgment is affirmed.*

---

* Note by Judge REDFIELD, subjoined to a report of this case in the Law Register of June, 1869.

The foregoing opinion can scarcely fail to be of interest to the profession, being upon the very important point, how far an action is maintainable upon one portion of a contract or agreement, when the other portion of it is confessedly within the Statute of Frauds, and so not enforcible by action, not being in writing. In Vermont, as stated in the opinion, it was decided at an early day (*Ide* v. *Smith*, 3 Vt., 290), that under that clause in the statute requiring contracts or agreements for the debt of another to be in writing, it was not requisite that the consideration of the contract should appear in the writing. This was a departure from the English construction : *Wain* v. *Warlters*, 5 East 10. But it has been adopted in a considerable number of the states, and, to the extent named, there is, perhaps, no question of the soundness of the decision upon which the relaxation of the rule in *Wain* v. *Warlters* proceeded. So, too, where but one

side of a contract or agreement is within the statute, as a contract for the sale of land, for a price agreed to be paid in money, and the portion within the statute has been performed, by conveying the land, there seems no ground to question the right to maintain an action for the recovery of the price stipulated, although we thereby give effect to one portion of the contract not in writing. But if the portion of the contract falling within the statute has not been reduced to writing, no action can be maintained on that portion of it because the other portion has been performed, as the payment, for instance, of the price of the land, or performance in any other mode : *Peirce* v. *Estate of Paine*, 28 Vt., 34, and cases cited. But it seems to us that there is no violation of the statute in allowing an action to be maintained on that portion of the contract, being the entire stipulation of one party, which is not within the statute, although the other portion of the contract could not have been enforced by action, as in the present case. Such have been the intimations of the English judges in some of the cases reported. But this must be received with some qualification. We think it is scarcely allowable to hold that where the portion within the statute is the sole consideration of that which is not, and the judgment will impose the obligation of future performance of that portion of the contract within the statute, still an action will lie upon that portion which is not within the statute so soon as there shall be a breach of the same. Upon that view, if the price for the conveyance of land were agreed to be paid before the time of the conveyance, the party bound to convey, although not by contract in writing, might sue for the price, and the judgment would recognise the full validity of the entire contract, although not in writing. This seems to us the most obvious disregard both of the letter and spirit of the entire scope and effect of the statute. But in a case like the present where the defendant elects to disregard that portion of the contract not within the statute, by omitting performance of the portion which shall perfect the obligation of the other party, which will then be within the statute, it seems to us he has no ground of complaint because he is held responsible on the portion not within the statute, when he has by his own election carried it all without the statute, by electing not to perform on his own part, and thus releasing the plaintiff from performance of that portion not to be performed within the year. The contract then stands as if the defendant had stipulated that if he failed to perform on his own part, according to his stipulation, he would pay, immediately, and within one year, all damages, thus by his own election carrying the whole contract without the statute.