## PROVIDENCE COUNTY.

16  213
o25  374
16  213
27  385

---

PHILIP B. DURFEE, Administrator, *vs.* CATHARINE O'BRIEN.

The statute of frauds does not extend to actions for payment upon contracts which have been wholly executed within one year by one of the parties thereto.

A. contracted with B. to build a house. There was a written agreement, signed by A. but not by B., by which the house was to be built for $2,400. B. was to pay $500 when it was begun, $500 when it was finished, and the balance in five yearly payments, with interest, payable semi-annually. A. completed the house, and fully on his part performed the contract within one year.

*Held,* that A. could recover from B. the contract price, and was not compelled to sue B. on a *quantum meruit.*

Interest as an incident of the principal debt is allowed from the day of default whenever the debtor knows precisely what he is to pay and when he is to pay it.

*Spencer* v. *Pierce,* 5 R. I. 63, approved.

DEFENDANT'S petition for a new trial.

*May* 12, 1888. STINESS, J. The record in this case shows that Philip H. Durfee, the plaintiff's intestate, built a house for the defendant in 1874. An agreement, signed by said Durfee but not signed by the defendant, was put in evidence, from which it appeared that the price was to be $2,400; of which sum $500 was to be paid when the house was begun, $500 when it was finished, and the balance in five yearly payments, with interest, payable semi-annually. Payments having been made from time to time,

as shown by receipts and an account entered by said Durfee in a book in the possession of the defendant, the cost of the house being entered as $2,416.67, the plaintiff sues for the balance due on the contract, with interest. The defendant asked the court to charge the jury : " That, as the contract sued upon was not to be performed by both parties within one year from the making thereof, and was not signed by the defendant or by some one authorized by her to sign it, that all the provisions of the contract are void, and the plaintiff can recover only upon the *quantum meruit* counts the reasonable value of the services rendered and materials furnished." The presiding justice refused this request, and charged the jury : " That, if the house was built under the contract, if one has been proved, and accepted by the defendant, the plaintiff can recover the contract price ; that, if there was a contract for building the house for a stipulated price, and the house was built according to contract, and all the stipulations on the part of Durfee were performed within a year, according to the intent of the contract, the mere fact that payment for the house was not, according to the agreement, to be completed within one year, would not relieve the defendant from liability to pay the agreed price, even if the agreement was not signed by the defendant or her agent." The defendant sought to show that it was not worth $2,400 to build the house.

We must assume that the jury found there was a contract to pay $2,400 ; and the question to be determined, therefore, is, whether the instruction was correct; that the statute of frauds does not extend to actions for payment upon contracts which are wholly executed on one side within a year.

In England this doctrine was first decisively laid down in *Donellan* v. *Read*, 3 B. & Ad. 899, in 1832. In *Souch* v. *Strawbridge*, 2 C. B. 808, it was approved by Tindal, C. J., but the decision of the case did not turn upon that point. In *Cherry* v. *Heming*, 4 Exch. Rep. 631, it was again sustained ; again in *Smith* v. *Neale*, 2 C. B. N. S. 67; and in the recent case of *Miles* v. *New Zealand Alford Estate Co.* 54 L. J. Rep. Eq. 1035, North, J., p. 1040, citing *Donellan* v. *Read* and *Cherry* v. *Heming*, says : " I think there is a great deal of force in the observation that what is required by the statute is, that the agreement should be performed,

and not that it should be partly performed, and that performance means performance by both parties. But that has been settled; and it has been decided that all that is required is performance by one party within the year, however many years may have to elapse before the agreement is performed by the other party."

In this country, however, there has been considerable conflict of opinion. In Alabama, Georgia, Maine, South Carolina, Maryland, Illinois, Ohio, Indiana, Arkansas, Missouri, and Wisconsin, the English rule has been followed. See *Rake* v. *Pope*, 7 Ala. 161; *Johnson* v. *Watson*, 1 Ga. 348; *Holbrook* v. *Armstrong*, 10 Me. 31; *Compton* v. *Martin*, 5 Rich. 14; *Ellicott* v. *Turner*, 4 Md. 476; *Curtis* v. *Sage*, 35 Ill. 22; *Randall* v. *Turner*, 17 Ohio St. 262; *Haigh and others* v. *Blythe's Executors*, 20 Ind. 24; *Pledger* v. *Garrison*, 42 Ark. 246; *Suggett's Adm'r* v. *Cason's Adm'r*, 26 Mo. 221; *McClellan* v. *Sanford*, 26 Wisc. 595.

In New Hampshire the decisions are conflicting; the earliest and latest sustaining the English rule. See *Blanding* v. *Sargent*, 33 N. H. 239; *Emery* v. *Smith*, 46 N. H. 151; *Perkins* v. *Clay*, 54 N. H. 518.

The contrary doctrine has been held in Vermont, Massachusetts, and New York. See *Pierce* v. *Estate of Paine*, 28 Vt. 34; *Marcy* v. *Marcy*, 9 Allen, 8; *Lockwood* v. *Barnes*, 3 Hill, N. Y. 128; *Broadwell* v. *Getman*, 2 Denio, 87; *Kellogg* v. *Clark*, 23 Hun. 393.

In the former class of cases it is held that the statute does not extend to contracts which are wholly executed on one side, or which may be executed by one side within a year, but only to contracts which, as a whole, are not to be executed within a year. These cases construe the words, " not to be performed," to mean not to be performed on either side within a year. The other class of cases hold that performance by one party is not performance of the agreement, and that, in any view, the part of the contract sued upon comes within the statute, for which the part performed is only the consideration. As to the question which is involved in this case, viz., the payment for property delivered and accepted under a promise to pay, we think the weight of authority is in favor of the English rule. Mr. Browne, in his work on the Statute of Frauds, suggests a reason for the apparent contrariety of

the rule and the statute. He says, 4th ed., § 290 : " It may well be doubted, indeed, whether this doctrine would ever have been accepted in England, if the question had not uniformly arisen on cases where the stipulation sought to be enforced related solely to the payment of the money consideration. In such cases it is a mere matter of form in bringing the action, the plaintiff's right to recover on the *indebitatus assumpsit*, which count is uniformly found to have been inserted in the declaration, being clear." In *Pierce* v. *Estate of Paine*, 28 Vt. 34, Redfield, C. J., says : " If the contract has been performed on one side in such a manner that the performance goes to the benefit of the other party, whether this was done within the year or not, it undoubtedly lays the foundation of a recovery against the party benefited by such performance. But when the contract on the part of this party was not to be performed within one year from the time it was made, the recovery is not upon the contract, but upon the *quantum meruit* or *valebat*, or upon money counts. It is a recovery back of the consideration of a contract upon which no action will lie, and which has been repudiated by the other party." While this statement is logical, and, aside from the consideration of authority, might be satisfactory, it is evident that the real difference between this case and those opposed to it is the form of pleading. If the recovery be upon a *quantum meruit* count, still the contract is admissible as evidence to show what the defendant admitted and declared the consideration to be worth, and to show the nature and extent of the benefit conferred. 1 Smith's Lead. Cas. 7th Amer. ed. 588. Now under the English rule that amount is fixed and determined by the contract, and under a *quantum meruit* it may also be the same amount ; but in the latter case it is possible that one may use the statute as a means of depriving another of the stipulated price for which he let his property go ; or, on the other hand, he may be compelled to pay for it more than he agreed to give. The inequity of either result is a strong reason against the adoption of a rule that might lead to it. Another reason given in support of the English rule in these cases is, that, inasmuch as the contract is not executory except as to the matter of payment, or recovery back of the consideration, as to which a clear right of action exists, such cases are not within the mischief which

the statute is designed to prevent, and therefore not to be construed as within the operation of the statute. While such a proposition is by no means unanswerable, there is, nevertheless, a wide distinction between a case where one seeks to enforce a verbal contract more than a year after it was made, when witnesses to its terms may have died, or from lapse of time have lost their clear recollection of executory stipulations, and a case where one simply seeks to recover payment for a benefit received. In the latter case the question comes down to a recovery upon a count on the contract, or upon *quantum meruit* with the contract admissible as evidence. Since recovery on the contract may, as we have seen, be sustained upon reason, and is supported by the weight of authority, we think it is the better rule to follow. We decide, therefore, that there was no error in the instruction given to the jury.

It is also claimed by the defendant that there is no liability to pay interest except from the date of a demand for payment. The contract, as claimed by the plaintiff and found by the jury, was to pay the balance due in five yearly payments, with interest at eight per cent. semi-annually. The plaintiff claims interest only at the rate of six per cent. The time when the payments are due and the agreement to pay interest being definite, the charge for interest was properly allowed. It is said in *Spencer* v. *Pierce*, 5 R. I. 63, that the well settled American rule gives interest " as an invariable legal incident of the principal debt, from the day of default, whenever the debtor knows precisely *what* he is to pay and *when* he is to pay it."        *Petition dismissed.*

*Simon S. Lapham*, for plaintiff.

*Edwin C. Pierce*, for defendant.