VINCENT O'BRIEN *et ux. vs.* HYMAN L. SLEFKIN *et ux.*

DECEMBER 17, 1958.

PRESENT: Roberts, Paolino and Powers, JJ.

266

PAOLINO, J. This is an action of assumpsit which was brought by mortgagors against second mortgagees to recover a surplus of the proceeds of a foreclosure sale under a second mortgage. After a hearing in the superior court before a justice thereof sitting with a jury, each party moved for a directed verdict. The trial justice granted the plaintiffs' motion and denied that of the defendants. The case is before us on the defendants' exceptions to such rulings and also on the plaintiffs' exceptions to the refusal of the trial justice to award them the amount of a third mortgage of $500 and interest on the verdict from the date of the foreclosure sale to the date of the writ.

It appears from the evidence that plaintiffs, husband and wife, bought a home in Seekonk in the Commonwealth of Massachusetts for $10,500; that they borrowed $7,000 from the Woodlawn Credit Union in Pawtucket and executed and delivered to said credit union a note for $7,000 and a first mortgage on their home as security for the loan; that they also borrowed $2,000 from defendants Hyman L. Slefkin and his wife Anna Slefkin and gave them a note for $2,000 and a second mortgage as security for such loan; that the second mortgage recited that it was subject to the $7,000 first mortgage; that subsequently plaintiffs defaulted in their payments on both mortgages; that defendants fore-

closed the second mortgage; and that a foreclosure sale was held on September 3, 1954 under the statutory power of sale granted to said mortgagees by the terms of the mortgage.

Although the premises are located in Massachusetts and a Massachusetts statutory form of mortgage was used, it is admitted that the loan was made and the note and mortgage were executed and delivered in Rhode Island. It is also conceded by both parties that it is unnecessary for this court to determine whether the Massachusetts law or the Rhode Island law applies, since the law governing the issues presented is substantially the same in both states.

It is undisputed that the second mortgagees' sale was advertised as being subject to a prior mortgage of record. Among those present at the sale were the plaintiffs, the defendant Hyman L. Slefkin, and his attorney. Mr. Slefkin testified that he bid $9,000 at the sale and it appears from the evidence that he and his wife executed and delivered to Hyman L. Slefkin a mortgagees' deed dated September 9, 1954 naming him as the grantee. Said deed contained a copy of the mortgagees' sale and an affidavit that the property had been sold by the auctioneer to Hyman L. Slefkin for $9,000. The defendant Slefkin testified that although he bid the property in for $9,000, and notwithstanding the fact that he accepted and recorded the mortgagees' deed with revenue stamps attached thereto, he did not actually pay $9,000 or any money to himself or to anyone else for the deed.

The premises were subsequently sold by Hyman L. Slefkin to a third party. The balance of $6,985.90 plus interest due on the first mortgage to the Woodlawn Credit Union was paid off on February 26, 1955 by the Attleboro Savings and Loan Association. Although it does not appear clearly who authorized such payment, Mr. Slefkin testified in effect that he had nothing to do with it and the representative

of the credit union testified that it was not paid by plaintiffs.

It is undisputed that plaintiffs have received no part of the $9,000 for which defendants sold the premises to Mr. Slefkin at the foreclosure sale. The parties have agreed that the amount due defendants under their second mortgage, inculding principal, interest and foreclosure expenses, is $2,054.14 as of September 3, 1954, the date of foreclosure. The plaintiffs concede that defendants are entitled to this amount, but they contend that plaintiffs are entitled to the surplus after this amount is deducted from the $9,000.

On the record before him the trial justice directed a verdict for plaintiffs for $7,482.64. In arriving at this figure he deducted from the $9,000 which Mr. Slefkin had bid at the auction sale the sum of $2,054.14, which was admittedly due defendants, and $500 which he stated was due on a third mortgage. To the balance remaining, namely, $6,445.86, he added interest at 6 per cent from the date of the writ to the date of the verdict. Such interest amounted to $1,036.78.

We shall first consider the question of defendants' liability which is raised by their exceptions to the direction of the verdict for plaintiffs and to the denial of defendants' motion for a verdict in their favor. Since these exceptions raise the same legal issue we shall consider them together. They contend in substance that by their testimony defendants rebutted any presumptions which may have existed in favor of plaintiffs by reason of the recitation of consideration in the mortgagees' deed to defendant Hyman L. Slefkin. They further contend that the failure of plaintiffs to go forward with the evidence on the narrow issue of whether or not defendant Hyman L. Slefkin had actually paid any money for the conveyance to him by the mortgagees' deed in question resulted in a failure on the part of plaintiffs to prove their case by a fair preponderance of the evidence.

They conclude therefore that the trial justice erred in granting plaintiffs' motion for a directed verdict, and that he should have either directed a verdict for the defendants or submitted the case to the jury for its determination. In addition, defendants contend that the instant case is distinguishable from the cases of *Brunette* v. *Myette,* 40 R. I. 546, and *Fudim* v. *Kane,* 48 R. I. 155, and that therefore the trial justice misconstrued the law in deciding that the case at bar is governed by those cases.

We cannot agree with any of defendants' contentions. The mortgage in question is a Massachusetts form of statutory mortgage and contains a statutory power of sale substantially similar to the Rhode Island statutory form. The powers of sale conferred upon mortgagees are specifically set forth in said statutes. See general laws 1956, §34-11-22; Mass. Ann. Laws c. 183, §27. There is no evidence in the instant case of any special agreement between the parties waiving any of the provisions contained in such statutory power of sale, nor is there any evidence that plaintiffs have waived any of their rights under the statute. It is also undisputed that the foreclosure sale was made subject to the $7,000 first mortgage.

We shall assume that the purchaser at the foreclosure sale under the second mortgage, who in this case is one of two second mortgagees, actually paid no money to himself and his wife, the other second mortgagee, at the sale or upon delivery and acceptance of the mortgagees' deed. We shall further assume that defendants had nothing to do with the payment of the first mortgage. In these circumstances the question remaining is the narrow issue whether plaintiffs as a matter of law are entitled to receive from defendants the surplus of the proceeds of the amount for which the said mortgagees' deed was given.

In our opinion, under G. L. 1956, §34-11-22, defendants are liable to plaintiffs for whatever surplus there is after the payment of the mortgage debt and the legal expenses

of the foreclosure sale. The fact that no money was actually paid by the purchaser to himself and his wife is of no consequence. As was said in *Fudim* v. *Kane, supra,* at page 159: "The power of sale was silent as to terms upon which the sale could be made." In the same case the court further stated: "The mortgagees' obligation therefore was to accept the highest *bona fide* bid and the legal rights in the proceeds of the foreclosure sale were settled as equivalent to a cash transaction at the time of the delivery of the mortgagees' deed." On the question of the liability of defendants, it is our opinion that the instant case is governed by the same principles of law on which the decisions of this court were based in *Fudim* v. *Kane* and *Brunette* v. *Myette, supra.* See also *Antonellis* v. *Weinstein,* 258 Mass. 323, 325, and *Goldman* v. *Damon,* 272 Mass. 302, 305.

In *Reynolds* v. *Hennessy,* 15 R. I. 215, 219, the court held that the recitals in a mortgagees' deed are prima facie proof of the amount received at the foreclosure sale. In our opinion a foreclosing mortgagee cannot overcome such a prima facie case by presenting evidence that he failed to do what he was legally obligated to do, namely, to accept the highest bona fide bid and to get cash or the equivalent thereof at the time of the delivery of the mortgagee's deed. For these reasons all of defendants' exceptions are overruled.

The plaintiffs' exceptions are based on their contention that the trial justice erred as to two items of damages. The amount of damages is subject to proof. *Fudim* v. *Kane, supra,* at page 157. We shall consider plaintiffs' first exception to the decision of the trial justice whereby he deducted from the surplus of the proceeds of the sale the sum of $500 which he stated was due on a third mortgage. Upon a careful examination of the transcript we fail to find any evidence relating to a third mortgage for $500 which would support his decision. In any event even if we assume the existence of such a mortgage the interests of the owner

thereof are amply protected, since such owner has a right to place a lien on the funds before they are paid over to plaintiffs and he has a right of action against plaintiffs for the same. See *Wartell* v. *Novograd,* 49 R. I. 191. In our opinion the trial justice should have awarded plaintiffs the amount of said third mortgage of $500. This exception is sustained.

The plaintiffs' second exception is based on their contention that the trial justice erred in refusing to award them interest on the verdict from the date of the foreclosure sale to the date of the writ. It is well settled in this state that the right to a surplus accrues to the owner of the equity of redemption "forthwith or very shortly after the sale, without any previous demand, it being the duty of the mortgagee receiving the proceeds to ascertain the surplus immediately and pay it over." *Reynolds* v. *Hennessy, supra,* at page 219, and *Fudim* v. *Kane, supra,* at page 158. In the instant case it was defendants' duty to ascertain the amount due plaintiffs on September 3, 1954, the date of foreclosure, or shortly thereafter, and to pay the same to them immediately. Since they have failed to do so, in our judgment the plaintiffs are entitled to the legal interest from the date of foreclosure to the date of the writ. See *Durfee* v. *O'Brien,* 16 R. I. 213, 217, where the court stated, in citing with approval *Spencer* v. *Pierce,* 5 R. I. 63, 71, that "the well settled American rule gives interest 'as an invariable legal incident of the principal debt, from the day of default, whenever the debtor knows precisely *what* he is to pay and when he is to pay it.' " In our opinion the trial justice erred in refusing to award said interest and the plaintiffs' exception thereto is sustained.

All of the defendants' exceptions are overruled. The plaintiffs' exceptions are sustained, and on January 5, 1959 the defendants may appear before this court to show cause, if any they have, why the case should not be remitted to the superior court with direction to enter judgment for the

272

plaintiffs on the verdict as modified in accordance with this opinion.

ON SHOW CAUSE HEARING.

JANUARY 7, 1959.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the defendants through their attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the plaintiffs on the verdict as modified in accordance with the opinion.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusions, and the case is remitted to the superior court for entry of judgment for the plaintiffs on the verdict as modified in accordance with the opinion.

*R. deBlois LaBrosse, Walter J. Hennessey,* for plaintiffs.

*Philip M. Hak,* for defendants.